USDC SCAN INDEX SHEET










```
NMC    1/13/05    13:24
3:05-CV-00057   RUBINSTEIN V. WELLS FARGO & CO
*1*
*CMP.*
```

HAROLD M. HEWELL
ATTORNEY AT LAW
1901 FIRST AVENUE, SECOND FLOOR
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 235-6854
FACSIMILE: (619) 235-9122

SBN: 171210
Attorney for Plaintiff

05 JAN 12 PM 1:18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD M. RUBINSTEIN, an individual, | Civil Case No. '05CV 0057 IEG (POR) |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND INJUNCTIVE RELIEF |
| v. | |
| WELLS FARGO & COMPANY, a Delaware Corporation and bank holding company, and SMS FINANCIAL III, L.L.C., an Arizona limited liability company, | |
| Defendants. | |

Plaintiff alleges:

## I.

## INTRODUCTION

1. This is an action for damages and equitable relief brought by plaintiff Howard M. Rubinstein, an individual, against defendants Wells Fargo & Company ("Wells Fargo") and SMS Financial III, L.L.C. ("SMS"), for breach of contract, declaratory relief and injunctive relief.

COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND INJUNCTIVE RELIEF
-1-

## II.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

3. Personal jurisdiction derives from defendants' business activities conducted within the State of California and this judicial district.

4. Plaintiff is informed and believes and thereon alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) as this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

## III.

## PARTIES

5. Mr. Rubinstein is an individual who has maintained a residence in San Diego, California, for more than six months.

6. Wells Fargo is a Delaware corporation and a bank holding company with offices at 420 Montgomery Street, San Francisco, California. Wells Fargo, through its subsidiaries, maintains banking operations in numerous locations throughout the Midwestern and Western states, including Texas.

7. SMS is an Arizona limited liability company which conducts business within the State of California.

## IV.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 7 above.

9. On or about February 27, 1990, First Interstate Bank of Texas, N.A. ("First Interstate"), purportedly obtained a personal judgment *in the state of Texas* against Mr. Rubinstein in the amount of $57,807.89 in the matter styled *First Interstate Bank of Texas N.A. v. Howard Rubinstein and Dillon, Rubinstein & Co., Inc.*, Cause No. 89-50870, 129th Judicial District Court of Harris County, Texas.

COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND INJUNCTIVE RELIEF

-2-

10. First Interstate subsequently assigned the purported Texas judgment to SMS, which sought to collect on the purported judgment. SMS contends, that with interest, the amount owed on the purported Texas judgment is $136,106.15.

11. On or about October 28, 2004, SMS applied for issuance of a post-judgment writ of garnishment against "Wells Fargo Bank[1]" as garnishee in an effort to collect on the $136,106.15 against Mr. Rubinstein. In its application, SMS stated that "SMS has reason to believe, and does believe, that Wells Fargo Bank, garnishee, has in hand bank accounts and/or other monies belonging to Howard M. Rubinstein."

12. However, the only account Mr. Rubinstein holds with any entity related to Wells Fargo is a checking account he opened with Wells Fargo & Company subsidiary Wells Fargo Bank, N.A., in San Diego, California. His deposits to that account were made in San Diego.

13. SMS has obtained a Writ, which was apparently served November 1, 2004, upon "Wells Fargo Bank" c/o "Keysha Johnson - Branch Manager," at 9660 Westhiemer, Houston, Texas 77034.

14. It is Mr. Rubinstein's contention that SMS's efforts to collect on a purported Texas judgment by garnishing a Texas subsidiary of Wells Fargo - in order to obtain funds Mr. Rubinstein deposited in a checking account he opened with Wells Fargo subsidiary Wells Fargo Bank, N.A., in San Diego, California - is an attempt to circumvent the requirements of California's "Sister State Money Judgments Act," Code of Civ. Proc. § 1710.10 et seq. ("the Act").

15. Out of state judgments are not enforceable within the State of California unless the judgment creditor complies with the requirements of the Act to obtain a California judgment. The Act establishes clear procedure whereby a judgment creditor holding an out-of-state judgment can obtain a California judgment by registering the sister-state judgment with the appropriate California Superior Court, thereby avoiding the necessity of bringing a completely independent action. With

---

[1] Presumably, Wells Fargo Bank *Texas*, N.A., a subsidiary of Wells Fargo & Company. Wells Fargo & Company is a Delaware Corporation and a bank holding company with offices at 420 Montgomery Street, San Francisco, California. Wells Fargo & Company, through its subsidiaries, conducts banking operations in numerous locations throughout the Midwestern and Western states, including Texas.

COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND INJUNCTIVE RELIEF

-3-

1  certain Statutory exceptions, the new judgment has the same effect as an original California money
2  judgment and may be enforced or satisfied in like manner.

3        16. The Act contains multiple requirements to insure that the judgments which are the basis
4  for the collection activity are legitimate and correct. Section 1710.15(b) of the Act requires, among
5  other things, that any application for a California judgment under the Act state under oath that an
6  action in California on the sister state judgment is not barred by the applicable statute of limitations
7  and that no stay of enforcement of the sister state judgment is currently in effect in the sister state.
8  The Act also requires that the application for a California judgment state the amount remaining
9  unpaid under the sister state judgment along with a statement showing accrued interest and a citation
10 to the law of the sister state establishing the rate of interest. It also requires a properly authenticated
11 copy of the sister state judgment.

12       17. However, SMS has not complied with the Act, and seeks to garnish Plaintiff's deposits
13 to his San Diego-based Wells Fargo Bank, N.A., account by delivering the Texas Writ on a purported
14 Texas judgment to a subsidiary of Wells Fargo & Company located in Houston, Texas.

15       18. Furthermore, SMS is seeking to enforce an incorrect judgment amount. On or before July
16 31, 2001, Mr. Rubinstein reached an agreement with SMS whereby he would satisfy the purported
17 judgment in full by paying the amount of $12,000.00 as follows: $2,000.00 on or before July 31,
18 2001, with the balance of $10,000.00 to be paid in three payments over the next 60 days. A true and
19 correct copy of a letter from Mr. Rubinstein confirming the agreement is attached hereto as Exhibit
20 "A" and incorporated by reference.

21                                        V.

22               **FIRST CAUSE OF ACTION: BREACH OF CONTRACT**
23                           **(AGAINST SMS ONLY)**

24       19. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18 above
25       20. As set forth above, Mr. Rubinstein entered into an agreement with SMS whereby he
26 would satisfy the purported judgment in full by paying the amount of $12,000.00 as follows:
27 $2,000.00 on or before July 31, 2001, with the balance of $10,000 to be paid in three payments over
28 the next 60 days.

**COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND INJUNCTIVE RELIEF**
-4-

21. SMS has breached this agreement by trying to collect for the entire amount of the purported judgment.

22. As a proximate result of this breach, Mr. Rubinstein was proximately damaged in an amount to be determined at trial by SMS's actions as set forth in detail above.

## VI.

## SECOND CAUSE OF ACTION: DECLARATORY RELIEF

## (AGAINST ALL DEFENDANTS)

23. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22 above.

24. An actual controversy has arisen and now exists between Mr. Rubinstein and defendants as to whether Wells Fargo must release funds from Mr. Rubinstein's San Diego Account with Wells Fargo Bank, N.A., in response to the Texas Writ. Mr. Rubinstein contends that to do so would be contrary to the Act and permit SMS to wrongfully levy upon his San Diego account without obtaining a California judgment. Plaintiff is informed and believes that Wells Fargo contends that it is required to comply with the Texas Writ on the purported Texas judgment by releasing Mr. Rubinstein's money deposited in the San Diego bank account with Wells Fargo Bank, N.A.

25. Plaintiff desires a judicial determination of his rights and duties, and a declaration as to whether Wells Fargo must release funds from Mr. Rubinstein's San Diego account with Wells Fargo Bank, N.A., in response to the Writ, or whether SMS must comply with the Act to enforce its purported Texas judgment against Mr. Rubinstein's San Diego-based account with Wells Fargo Bank, N.A.

26. The declaration is necessary and appropriate at this time in order that plaintiff and defendants may ascertain their respective rights and duties.

## VII.

## THIRD CAUSE OF ACTION: INJUNCTIVE RELIEF

## (AGAINST ALL DEFENDANTS)

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above.

28. Plaintiff also seeks injunctive relief barring Wells Fargo from releasing, and SMS from taking, the above-referenced San Diego funds pursuant to the Texas Writ on the purported Texas

-5-

judgment, as he would have no adequate remedy at law should that occur. His right to due process is at risk and any action for wrongful levy would be lengthy and expensive; monetary damages will not compensate him for the harm he will suffer as a result, including the loss of his funds in the interim.

WHEREFORE, plaintiff prays judgment against SMS for the First Cause of Action as follows:

1. For actual damages in an amount to be determined at trial;

2. Costs of suit and reasonable fees; and

3. Any other and further relief as the court may deem proper.

WHEREFORE, plaintiff prays judgment against both defendants for the Second and Third Causes of Action as follows:

1. For a declaration that SMS's attempt to garnish Mr. Rubinstein's San Diego deposits with Wells Fargo, N.A., by service of the Texas Writ on a purported Texas judgment upon a subsidiary of Wells Fargo located and operating in Houston, Texas, is a violation of the Act, and that Wells Fargo has no duty or right to release Mr. Rubinstein's San Diego deposits with Wells Fargo Bank, N.A., in response to the Texans Writ on the purported Texas judgment.

2. For a permanent injunction, enjoining defendants, and each of them and their agents, servants, and employees, and all persons acting under, in concert wit, or for defendants from releasing Mr. Rubinstein's San Diego deposits with Wells Fargo, N.A., in response to the Texas Writ on the purported Texas judgment.

3. For reasonable attorneys' fees as determined by the court;

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

DATED: _1-11_, 2005.

By: _/s/ Harold M. Hewell_

Harold M. Hewell, Esq.

**COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

-6-

**EXHIBIT "A"**

# LAW OFFICE OF
# HOWARD M. RUBINSTEIN

1330 POST OAK BLVD
SUITE 2905
HOUSTON, TEXAS 77056
PHONE (713) 224-7200
FAX (713) 961-6745

2601 SOUTH BAYSHORE DRIVE
SUITE 600
MIAMI, FLORIDA 33133
PHONE (305) 859-7700
DIRECT DIAL (305) 860-7605
FAX (305) 859-8998
E-MAIL: bermor@aol.com

REPLY TO:

713-224-7200

July 31, 2001

BY FEDEX AIRBILL NUMBER: 828424642863

Ms. Beth Elder
440 Louisiana, Suite 2200
Houston, Texas 77002

Re:         SMS FINANCIAL III, L.L.C.

Enclosed is check number 1519 in the amount of $2,000.00 made payable to SMS Financial III, L.L.C.

This payment leaves a balance owed of $10,000.00.  I will pay the $10,000.00 in 3 payments over the next 60 days.

If you need any further information, please call Barbara Ashford at 915-243-5416.

Sincerely,

Howard M. Rubinstein

enclosure: check #1519

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
HOWARD M. RUBINSTEIN, an individual

05 JAN 12 PM 1:10
CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CA
BY: ___ DEPUTY

**DEFENDANTS**
Wells Fargo & Company, a Delaware Corporation and bank holding company, and SCME Financial III, L.L.C., an Arizona limited liability company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
HAROLD M. HEWELL, ESQ.
1901 FIRST AVE., SECOND FLOOR
SAN DIEGO, CA 92101
(619) 235-6854

**ATTORNEYS (IF KNOWN)**
'05 CV 0057 IEG (POR)

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**
- 1 U.S. Government Plaintiff
- 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX** (For Diversity Cases Only) **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | | 2 | Incorporated and Principal Place of Business in Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
ON COMPLAINT   28 USC 1332

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | 310 Airplane | 362 Personal Injury- Medical Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 315 Airplane Product Liability | | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| | 355 Motor Vehicle Product Liability | 371 Truth in Lending | **LABOR** | 862 Black Lung (923) | |
| 160 Stockholders Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC |
| X 190 Other Contract | | 385 Property Damage Product Liability | 720 Labor/Mgmt Relations | 864 SSID Title XVI | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 730 Labor/Mgmt Reporting & Disclosure Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 535 Death Penalty | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**
- X Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $** Equitable Relief
Check YES only if demanded in complaint:
**JURY DEMAND:** YES  • NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE ___ Docket Number ___

**DATE** 1/11/05   **SIGNATURE OF ATTORNEY OF RECORD** ___

# 110199   $150.00

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR